IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DALLAS BUYERS CLUB, LLC,

        Plaintiff,

v.

DOES 1-16,

        Defendants.

ORDER

14-cv-235-slc

---

In this civil lawsuit, plaintiff Dallas Buyers Club, LLC, has alleged that defendants Does 1 - 16 have violated plaintiff's copyright on the motion picture "The Dallas Buyers Club." Before the court is a relatively anonymous letter[1] objecting to plaintiff's subpoena to the Doe defendants' internet service providers to learn the identity of the Doe defendants in this lawsuit. *See* dkt. 9.

Last summer, Chief Judge William M. Conley entered orders addressing these same issues in two similar cases: *Breaking Glass Pictures, LLC v. Does 1 - 15*, 13-cv-275 wmc (dkt. 12) and *TCYK, LLC v. Does 1- 13*, 13-cv-296 (dkt. 14). I agree with and adopt the court's reasoning and conclusions in those two orders. As a result, no Doe defendant is entitled to have plaintiff's subpoena to an ISP quashed, but each Doe defendant is entitled to have his/her identity sealed and maintained in confidence pending further order of this court in this case. This order applies to all Doe defendants in this lawsuit, including those who have not filed objections or motions to quash.

---

[1] The objecting party does not include his/her name but has included enough information that his/her identity likely could be ascertained upon investigation. The court is not going to investigate.

ORDER

IT IS ORDERED THAT:

(1) To the extent that a Doe defendant has filed an objection that is intended to quash the subpoena issued by plaintiff to an internet service provider in this lawsuit, that motion is DENIED.

(2) To the extent that this objection was intended to seek a protective order maintaining the confidentiality of a Doe defendant's identity, that motion is GRANTED.

(3) The internet service providers who have been served subpoenas seeking the identity of Doe defendants in this lawsuit shall comply with these subpoenas on a confidential basis to plaintiff's counsel– on an attorney's eyes only basis for now–and to each Doe defendant separately and individually.

(4) Plaintiff's attorneys are prohibited from disclosing any identifying information of any Doe defendant except in a document filed under seal with the court, unless plaintiff first obtains express leave from this court.

Entered this 25th day of July, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge